UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **CLAUDE MAXWELL SMITH, III,** | : | |
| 123 Oakridge Trail | : | Case No. 22-cv-6313 |
| Flowood, Mississippi 39232 | : | |
| | : | **Judge** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **MEDLINE INDUSTRIES, INC.** | : | **JURY DEMAND ENDORSED HEREON** |
| 801 Adlai Stevenson Drive | : | |
| Springfield, Illinois 62703 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Now comes Plaintiff Claude Maxwell Smith, III ("Plaintiff"), by and through undersigned counsel, and for her Complaint against Defendant Medline Industries, LP ("Defendant") states and avers as follows:

## THE PARTIES

1. Plaintiff is an individual residing in Rankin County, Mississippi. At all times alleged herein, Plaintiff was an employee of Defendant as the same has been defined by the Americans with Disabilities Act of 1990, as amended, 42 USCS § 12111(4).

2. Defendant is an Illinois corporation and at all times herein was Plaintiff's employer.

## JURISDICTION AND VENUE

3. Jurisdiction over the statutory violation alleged is conferred pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12111.

1

4. Venue is proper in the Northern District of Illinois Eastern Division pursuant to Section 18 of the Employment Agreement the Parties entered into on March 25, 1999. A copy of the "Agreement" is attached hereto as Exhibit A.

5. At all times pertinent hereto, Defendant was an "Employer" within the meaning of the Americans with Disabilities Act of 1990, as amended, 42 USCS § 12111(5).

6. Plaintiff satisfied all pre-requisites for filing for lawsuit, including but not limited to obtaining a Notice of Right to Sue from the Equal Employment Opportunity Commission. A copy of the "Notice" is attached hereto as Exhibit B.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates his allegations set forth in paragraphs 1 through 6 above as if fully rewritten herein.

8. Defendant is a national healthcare company that manufactures and distributes medical products across the United States.

9. Plaintiff began his employment with Defendant approximately twenty-seven years ago. Most recently, Plaintiff was the Market Director of Government Accounts. Plaintiff managed marketing in his designated region that included Texas, Mississippi, Louisiana, Arkansas, Missouri, Montana, Idaho, Wyoming, Utah, and Colorado.

10. During Plaintiff's employment with Defendant, Plaintiff received good performance evaluations and had a good disciplinary record.

11. In March 2020, Defendant required its entire workforce, except warehouse workers and drivers, to work remotely until further notice.

12. Plaintiff worked remotely beginning in March 2020 until his termination, approximately 18 months later.

### A. Defendant's Vaccine Mandate

13. On August 20, 2021 Defendant mandated all "customer-facing" employees were required to be fully vaccinated against COVID-19 by November 1, 2021 (the "Vaccine Mandate"). Defendant stated an employee was "fully vaccinated" when at least 14 days have passed after receiving a final dose the COVID-19 vaccine.

14. Defendant required all employees to certify their vaccination statuses to Defendant and provide consent for Defendant to share their vaccination statuses with their customers through the MyMedLife benefits portal no later than September 1, 2021.

15. When Defendant announced its Vaccine Mandate, Defendant did not state it would accept religious and medical accommodations. Defendant directed employees to direct their questions to their Human Resources Representative.

16. Defendant's Vaccine Mandate did not include a testing alternative option.

17. Pursuant to Defendant's Vaccine Mandate, any employee that remained unvaccinated after November 1, 2021 would be terminated.

18. Defendant did not offer religious or medical accommodations in its Vaccine Mandate announcement, but Human Resources provided religious and medical accommodation forms specific to Defendant's COVID-19 Vaccine Mandate if employees inquired about accommodations.

19. Defendant's offer to entertain employees' religious and medical accommodations was illusory. Instead, Defendant utilized the religious and medical accommodations to mass terminate unvaccinated employees.

### B. Defendant's Accommodation Process

20. Defendant required employees that wished to file a religious or medical accommodation contact their Human Resources Representative. Human Resources provided the employee with either a religious accommodation form and/or a medical accommodation form.

21. Defendant's religious accommodation form was titled "COVID-19 Request for Accommodation of Sincerely-Held Religious Belief."

22. Defendant's medical accommodation form was titled "COVID-19 Medical Inquiry Form in Response to an Accommodation Request" (the "COVID-19 Specific Medical Exemption Form").

23. Defendant denied virtually all religious and medical accommodation requests concerning Defendant's COVID-19 Vaccine Mandate and did not provide employees with accommodations.

24. Defendant regarded employees as unable to do their jobs and alleged any accommodation would pose undue hardship to Defendant.

25. Defendant informed employees that were denied religious and medical accommodations that they faced an immediate choice either (a) receive a COVID-19 vaccination in direct violation of their sincerely religious beliefs and/or in direct contradiction to their physical health or (b) be terminated.

26. Defendant mass terminated employees that filed religious or medical accommodations on November 1, 2021.

**C.     Plaintiff's Accommodation Request**

27. Plaintiff has Guillain-Barrè Syndrome ("GBS") which is a rare condition in which Plaintiff's immune system attacks his nerves causing paralysis. GBS cannot be cured. Plaintiff has been managing his GBS for more than thirty years under the care of his physician.

28. Before Defendant issued its Vaccine Mandate, Plaintiff filed a medical exemption on August 2, 2021 after he discussed the COVID-19 vaccine with his physician. Plaintiff included a note from his treating physician who opined Plaintiff should not receive any COVID-19 vaccine because of his GBS. Plaintiff's physician suggested that Plaintiff should practice social distancing, frequent handwashing, and wear masks.

29. On August 26, 2021, Kristen Shiley contacted Plaintiff and required Plaintiff to fill out Defendant's COVID-19 Specific Medical Exemption Form. At this time, Defendant had not contacted Smith to discuss his original medical exemption form submitted on August 2, 2021.

30. Plaintiff completed the COVID-19 Specific Medical Exemption Form and attached a note from his physician in which Plaintiff's physician stated Plaintiff should not receive the COVID-19 vaccine because of his GBS and offered alternatives to the COVID-19 vaccine. Plaintiff submitted the COVID-19 specific medical exemption form to Defendant on September 2, 2021.

31. Shiley contacted Smith to confirm she received his COVID-19 Specific Medical Exemption Form and tell Plaintiff that his exemption request would be considered.

32. Defendant did not contact Plaintiff to discuss reasonable accommodations.

33. Defendant terminated Plaintiff on November 1, 2021.

34. Defendant's stated reason for termination is false or not believable.

## COUNT ONE
**Violation of the Americans with Disabilities Act, 42 USC § 12101, *et seq.*
Disability Discrimination – Failure to Accommodate**

35. Plaintiff incorporates his allegations set forth in paragraphs 1 through 34 above as if fully rewritten herein.

36. The Americans with Disability Act ("ADA") requires employers to engage in the interactive process and offer reasonable accommodations for employees with disabilities. *See* 42 USC § 12112.

37. Plaintiff is a qualified individual with a disability.

38. Defendant was aware of Plaintiff's disability.

39. Defendant failed to reasonably accommodate Plaintiff's disability.

40. Defendant failed to engage in the interactive process with Plaintiff regarding Plaintiff's disability and Defendant's Vaccine Mandate.

41. Irrespective of the interactive process, Defendant failed to provide Plaintiff with a reasonable accommodation.

42. Defendant's failure to provide a reasonable accommodation has harmed and will continue to harm Plaintiff.

43. Plaintiff's disability was the basis for Defendant's discriminatory treatment.

44. Accommodating Plaintiff's disability would not have resulted in an undue hardship on Defendant or its business.

45. By failing to engage in the interactive process or offer any reasonable accommodation, Defendant's discriminatory actions were intentional and/or reckless and in violation of the ADA.

46. As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 12101 and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which he was entitled, an amount to be determined at trial.

## COUNT TWO
### Violation of the Americans with Disabilities Act, 42 USC § 12101, *et seq.*
### Disability Discrimination – Disparate Treatment

47. Plaintiff incorporates his allegations set forth in paragraphs 1 through 46 above as if fully rewritten herein.

48. The Americans with Disability Act ("ADA") prohibits employers from discriminating against an employee on the basis of his disability. *See* 42 USC § 12112.

49. Plaintiff is disabled as defined by the ADA.

50. Plaintiff is qualified, with or without reasonable accommodation to perform the essential functions of his job.

51. By imposing its Vaccine Mandate on Plaintiff, deliberately refusing to reasonably accommodate Plaintiff's disability, and falsely stating Plaintiff's disability would be considered for a reasonable accommodation, Defendant discriminated against Plaintiff on the basis of his disability.

52. Defendant's discriminatory actions were motivated by discriminatory animus towards Plaintiff's disability.

53. As a result of Defendant's disparate treatment, Plaintiff suffered an adverse employment action.

54. As a result of Defendant's disparate treatment, Plaintiff was treated differently than similarly situated employees without disabilities.

55. As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 12101 and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive

damages, lost wages and income (including back pay and front pay), and other benefits to which he was entitled, an amount to be determined at trial.

## COUNT THREE
### Violation of the Americans with Disabilities Act, 42 USC § 12101, *et seq*
### Disability Discrimination – Disparate Impact

56. Plaintiff incorporates her allegations set forth in paragraphs 1 through 55 above as if fully rewritten herein.

57. The Americans with Disability Act ("ADA") prohibits employers from discriminating against an employee on the basis of his disability. *See* 42 USC § 12112.

58. Plaintiff is a member of a protected class.

59. Defendant's Vaccine Mandate caused a disparate impact on the basis of disability.

60. Defendant's Vaccine Mandate is not job-related for Plaintiff's position or consistent with business necessity.

61. Plaintiff offered alternative employment practices for Defendant's Vaccine Mandate, but Defendant refused to adopt such alternative employment practices.

62. As a result of Defendant's Vaccine Mandate, Plaintiff was disparately impacted and suffered an adverse employment action.

63. As a result of Defendant's Vaccine Mandate, Plaintiff is entitled to all damages as provided by 42 USC § 12101 and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which he was entitled, an amount to be determined at trial.

## COUNT FOUR
### Violation of the Americans with Disabilities Act, 42 USC § 12101, *et seq.*
### Perceived Disability Discrimination

64. Plaintiff incorporates his allegations set forth in paragraphs 1 through 63 above as if fully rewritten herein.

65. The Americans with Disability Act ("ADA") prohibits employers from discriminating against an employee on the basis of his disability. *See* 42 USC § 12112.

66. The ADA prohibits employers from regarding employees as disabled. *See* 42 USC § 12102.

67. Defendant perceived Plaintiff to be disabled because Plaintiff was unable to receive a COVD-19 vaccination.

68. Plaintiff was qualified to perform his job with or without a reasonable accommodation.

69. Plaintiff suffered an adverse employment action.

70. Defendant knew or had reason to know about Plaintiff's inability to receive the COVID-19 vaccination.

71. Plaintiff was replaced or Plaintiff's job remained open and Defendant continued to search for a replacement.

72. Plaintiff's perceived disability was the basis for Defendant's discriminatory treatment.

73. As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 12101 and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive

9

damages, lost wages and income (including back pay and front pay), and other benefits to which he was entitled, an amount to be determined at trial

**WHEREFORE**, Plaintiff Claude Maxwell Smith, III prays that this Court award a judgment against Defendant Medline Industries, Inc. on all counts, for compensatory and punitive damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income and other benefits to which Plaintiff is entitled in an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

Respectfully submitted,

ED FOX & ASSOCIATES, LTD.

By: /s/ Edward M. Fox
    Edward M. Fox (#6205330)
    118 N. Clinton Street, Suite 425
    Chicago, Illinois 60661
    (312) 345-8877
    Email: efox@efoxlaw.com

*Counsel for Plaintiff*

**JURY DEMAND**

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

    Respectfully submitted,

    ED FOX & ASSOCIATES, LTD.

By: /s/ Edward M. Fox
    Edward M. Fox (#6205330)
    118 N. Clinton Street, Suite 425
    Chicago, Illinois 60661
    (312) 345-8877
    Email: efox@efoxlaw.com

*Counsel for Plaintiff*